# EXHIBIT A

# Declaration of Mark Jackson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AMERICAN TRAFFIC SOLUTIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:12-cv-00504-RC |
| | ) |
| B&W SENSORS LLC, | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

**DECLARATION OF MARK JACKSON IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Mark Jackson, being of the age of majority and of sound mind, on my oath, and hereby swear as follows:

1. I am a resident of the State of Missouri.

2. I am a citizen of the Unites States of America.

3. I am employed by B & W Sensors LLC as its President and Chief Operating Officer.

4. I have personal knowledge of the facts set forth below, know them to be true and correct, and can testify competently thereto if called upon to do so,

5. B & W is a limited liability company organized and existing under the laws of the State of Missouri and having a place of business at 3668 Geyer Road, Suite 200, St. Louis, Missouri 63127.

6. B & W is in the business of providing, servicing, and operating speed detection devices wherein B & W identifies violators of speed limits, sends speeding citations to the violators, collects fines from the violators, and then forwards a portion of those fines to the municipalities within which the B & W devices were positioned.

7. All of the B & W employees and officers reside in the St. Louis, Missouri area.

8. B & W does not now, nor has it ever had, any directors, officers, agents, or employees who reside in the State of Texas.

9. B & W is not now, nor has it ever been, incorporated in the State of Texas.

10. B & W has no offices located within the State of Texas.

11. B & W does not hold any business licenses issued by the State of Texas.

12. B & W does not now own, use, lease, or possess, nor has it ever owned, used, leased, or possessed, any real or personal property in the State of Texas.

13. B & W does not now have, nor has it ever had, any offices, business operations, storage facilities, warehouses, business places, distribution points, or any other infrastructures within the State of Texas.

14. B & W does not now have, nor has it ever had, any subsidiaries or parent companies located within the State of Texas.

15. B & W does not now maintain, nor has it ever maintained, any corporate records in the State of Texas.

16. B & W is not now listed, nor has it ever been listed, in the Texas telephone or classified directory.

17. B & W does not now maintain, nor has it ever maintained, any telephone numbers, facsimile numbers, or mailing address in the State of Texas.

18. B & W does not now hold, nor has it ever held, itself out as being present in the State of Texas in any other way.

19. B & W does not now pay, nor has it ever paid, income taxes, payroll taxes, real property taxes, or personal property taxes to any state or local taxing authority in the State of Texas.

20. B & W does not now maintain, nor has it ever maintained, a bank account with a financial institution in the State of Texas.

21. B & W does not now insure or act, nor has it ever insured or acted, as surety to any person, property, or risk located in the State of Texas.

22. B & W does, nor does now have, nor has it ever had, a registered agent authorized to accept service of process in the State of Texas.

23. B & W does not now manufacture, use, import, offer to sell, sell, or induce or contribute to others to manufacture, use, import, offer to sell, or sell any products in the State of Texas.

24. B & W has also not made any sales or sales presentations for the accused products in Texas.

25. B & W has sold no B & W products of any type to any resident of Texas.

26. B & W makes and or commercially uses its MVST systems only in Missouri and in other States, but not in Texas.

27. B & W does not now enter, nor has it ever entered, into any contracts, licenses, supply agreements, or any other type of agreement whereby B & W agreed to perform any services in the State of Texas.

28. B & W does not now have, nor has it ever had, its employees travel to Texas to sell products, solicit business, participate in trade shows, meet with distributors, perform any warranty works, or perform any other commercial, business related functions.

29. B & W does not now, nor has it ever, made price quotes or offered for sale any of its products within the State of Texas.

30. B & W does not now advertise, nor has it ever advertised, in print, radio, television, or any other media originating from Texas or any such media that targets Texas for distribution or sale.

31. B & W does not now provide, nor has it ever provided, any samples of any of its products to induce any sales of any kind to any entity in the State of Texas.

32. B & W does not now use, nor has it ever used, an "interactive" website to solicit business in the State of Texas, or anywhere else.

33. The B & W website does not now permit, nor has it ever permitted, users to complete orders through the website, nor does the website list prices.

34. B & W's website does not now provide, nor has it ever provided, any links for a user to purchase B & W's products through the website.

35. B & W's website does not now provide, nor has it ever provided, order forms for its customers to purchase B & W products.

36. B & W does not now establish, nor has it ever established, a distribution channel to import its products into the State of Texas or distribute its products in the State of Texas.

37. B & W has never shipped its products directly or indirectly to the State of Texas through an established B & W distribution channel.

38. Prior to the present lawsuit, B & W has never been involved in any lawsuit within the State of Texas.

39. B & W used the testing services of the Texas Transportation Institute ("TTI") of College Station TX with an address of: The Texas A&M University System, 3135 TAMU, College Station, TX 77842-3135

40. B & W used the services of TTI only to verify the accuracy of B & W's MVST systems for use in most of the United States, but not in Texas.

41. The only agreements between B & W and TTI were a standard Agreement For Non-Disclosure Of Proprietary Information and a letter agreement of February 19, 2010 that describes the accuracy verification process to be conducted by TTI.

I declare under penalty of perjury under the laws of the United States of America and Texas that the forgoing is true and correct to the best of my knowledge.

4

EXECUTED this 12th day of November, 2012.

FURTHER AFFIANT SAYETH NOT.

_____*Mark Jackson*_____
Mark Jackson, President, B & W sensors LLC

_____NOV 12, 2012_____
Date