# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| AMERICAN TRAFFIC SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:12-cv-00504-RC |
| ) | |
| v. ) | Patent Case |
| ) | |
| B&W SENSORS LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## DEFENDANT B & W'S NOTICE OF OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Subject to and without waiving its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 13), Defendant B & W Sensors LLC ("B & W") hereby files this Notice[1] of B & W's opposition to the Motion for Preliminary Injunction filed by Plaintiff American Traffic Solutions, Inc. ("Plaintiff" or "ATS") (Dkt. No. 2).[2] This Notice is filed in response to Plaintiff's Notice of Defendant's Non-Response to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 12) ("Plaintiff's Notice").

Contrary to Plaintiff's Notice, Defendant B & W indeed opposes Plaintiff's Motion for Preliminary Injunction, and there is nothing untimely about B & W's actions.

---

[1] Pursuant to direction from the Court, this Notice (originally filed on November 13, 2012, as Dkt. No. 14), is now being refiled under the docket event "Response in Opposition to Motion" in the ECF system. In refiling in accordance with the Court's direction, B & W notes that this is only an initial response in opposition to Plaintiff's Motion for Preliminary Injunction addressing certain limited procedural matters, and not a complete response nor a response on the merits. B & W reserves all of its rights with respect to the Motion for Preliminary Injunction, including without limitation the right to take discovery and the right to present full briefing on the merits.

[2] Defendant B &W also contends that Plaintiff's Motion for Preliminary Injunction was deficient and should be stricken, and to the extent the Motion is not stricken, all proceedings on the Motion for Preliminary Injunction should be stayed until the Court resolves B & W's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. B & W reserves all of its rights with respect to these issues, and by filing this Notice B & W does not intend to waive any rights or arguments with respect to these issues.

Remarkably, Plaintiff contends that B & W's time to respond to Plaintiff's Motion for Preliminary Injunction expired as a result of entry of an order granting a motion to extend page limits (Dkt. No. 10), ***which Plaintiff never served on B & W or provided any other notice to B & W***. As Plaintiff's Notice indicates, Plaintiff filed a motion to extend page limits on its Motion for Preliminary Injunction (Dkt. No. 3), which the Court granted (Dkt. No. 10).  However, Plaintiff never served this Order on B & W and never otherwise provided B & W with any notice of this Order.  Regardless, Plaintiff asserts that the time for B & W to respond to the Motion for Preliminary Injunction automatically expired 14 days after entry of this unserved Order and that the Court should enter what would be a default injunction against B & W as a result – that is, Plaintiff asserts that it has pulled a miraculous "gotcha" trick on B & W.  The Court should not reward this sort of tactic.

Obviously, Defendant B & W takes this case seriously and intends to participate in the case in accordance with all deadlines established by the Court and the relevant Federal and Local Rules.  Indeed, there is a meaningful threshold issue in this case, which is that B & W is not subject to personal jurisdiction in Texas.  Among other things, B & W has not sold, offered for sale, manufactured or imported the accused products in Texas, the only potential "use" of the accused products in Texas was done by a third party and was related to testing, and no tort was committed by B & W in Texas.  Although the date for B & W to answer or otherwise respond to Plaintiff's Complaint was Tuesday, November 13, 2012, B & W filed its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 13) a day early on Monday, November 12, 2012, partly in light of Plaintiff's Notice.  B & W believes that its Motion to Dismiss is a threshold issue that should be resolved in advance of any proceedings on the Motion for Preliminary Injunction.

In addition, B & W intends to vigorously contest Plaintiff's Motion for Preliminary Injunction (again, subject to and without waiving B & W's Motion to Dismiss).  In that regard, B & W notes that Plaintiff has not attempted to set a hearing on the Motion for Preliminary Injunction and has not proposed any other orderly procedure for proceeding and obtaining a ruling on the Motion for Preliminary Injunction.  B & W's counsel proposed a meet-and-confer call to discuss these issues and others, but Plaintiff's counsel declined to attend the call and have not yet made themselves available to meet and confer at any other time.  All of these actions belie Plaintiff's assertion in its Notice that "time is of the essence."  However, B & W will continue its efforts to meet and confer with Plaintiff's counsel.

Dated:  November 14, 2012             Respectfully submitted,

  _/s/ Craig Tadlock_
Craig Tadlock
State Bar No. 00791766
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Phone: 903-730-6789
Email: craig@tadlocklawfirm.com

Douglas E. Warren, Esq.
(*pro hac vice* admission pending)
Missouri Bar No. 49,333
Post Office Box 6727
Chesterfield, Missouri 63006
Phone: 636-519-5257
Fax: 636-536-0517
Email: dewarren@charter.net

*Attorneys for Defendant*
*B & W Sensors LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November 2012, the foregoing was served upon all counsel of record for Plaintiff ATS, via the operation of the Court's electronic filing system, in accordance with Local Rule CV-5(d).

                                                */s/ Craig Tadlock*
                                                Craig Tadlock