# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| AMERICAN TRAFFIC SOLUTIONS, INC., | § § § | No. 1:12-CV-00504 |
| Plaintiff, | § § | Jury Trial Demanded |
| v. | § § | |
| B&W SENSORS LLC, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

- i -

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   ATS HAS ESTABLISHED ENTITLEMENT TO A PRELIMINARY
     INJUNCTION........................................................................................................... 1

     A.   ATS Is Likely to Prevail on the Merits.......................................................... 1

          1.   ATS Is Likely to Show That B&W Is Infringing ATS's '685 Patent........ 1

          2.   ATS Is Likely to Show That B&W Is Infringing ATS's '863 Patent........ 2

          3.   B&W Has Failed to Raise Serious Questions to Overcome the
               Presumption of Validity as to Either of the Patents-in-Suit....................... 3

     B.   ATS Is Likely to Suffer Irreparable Harm Absent Interim Relief ......................... 4

     C.   The Balance of Hardships and Public Interest Favor Preliminary
          Injunctive Relief............................................................................................. 5

II.  CONCLUSION........................................................................................................ 5

73041898.3 0009610-00029

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Broadcom Corp. v. Qualcomm Inc.*,
  543 F.3d 683 (Fed. Cir. 2008)..................................................................................................4

*Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*,
  134 F.3d 1085 (Fed. Cir. 1998)..................................................................................................2

*Windsurfing, Int'l v. AMF, Inc.*,
  782 F.2d 995 (Fed. Cir. 1986)....................................................................................................5

**Regulations**

37 C.F.R. § 10.23(c)(7)....................................................................................................................4

**Other Authorities**

Manual of Patent Examining Procedure § 2001.6(d) (8th ed., rev. 2012).......................................4

U.S. Patent No. 8,184,863......................................................................................................1, 2, 3

U.S. Patent No. 8,213,685......................................................................................................1, 2, 3

U.S. Patent No. 8,284,996................................................................................................................3

73041898.3 0009610-00029

Plaintiff American Traffic Solutions, Inc. ("ATS") submits this Reply in support of ATS's Motion for Preliminary Injunction, Dkt. No. 2 ("PI Motion"). B&W Sensors LLC ("B&W") refused to respond to ATS's PI Motion until more than five weeks after its deadline to do so. Now, in its untimely response to ATS's PI Motion, B&W has advanced more unmeritorious assertions. B&W still has not refuted ATS's showing that it is likely to prevail in this case, and that ATS is suffering irreparable harm without interim relief.[1]

## I. ATS HAS ESTABLISHED ENTITLEMENT TO A PRELIMINARY INJUNCTION.

### A. ATS Is Likely to Prevail on the Merits.

ATS alleges infringement of both U.S. Patent No. 8,184,863 (the "'863 Patent") and U.S. Patent No. 8,213,685 (the "'685 Patent") (collectively the "patents-in-suit"). ATS need only show it is likely to prevail on infringement of a single valid claim of either patent to establish its likelihood of success on the merits. ATS submitted detailed infringement analysis, claim charts, and supporting evidence with its PI Motion. *See* PI Motion at 4-11; Declaration of Jigang Wang, Dkt. No. 2-1 ("Wang Decl."), Exs. 3-5.

#### 1. ATS Is Likely to Show That B&W Is Infringing ATS's '685 Patent.

B&W's only noninfringement argument as to the '685 Patent is B&W's assertion that its accused Multiple Vehicle Speed Tracking ("MVST") Products do not place a time and date stamp on each video image frame. *See* Response at 8. The '685 Patent, however, does not require such time and date stamping, but only recording *some form* of timing information for each video frame so that the timing information can be used with distance-traveled data derived from the video images to calculate the speed of a tracked vehicle.[2] Indeed, the specification of the '685 Patent expressly notes that, while one method of encoding timing information is to use a time and date

---

[1] B&W also claims the right to submit a *second* response to ATS's PI Motion after taking discovery. B&W's suggestion that it needs discovery rings hollow. Since the parties completed their Rule 26(f) conference, ATS has served discovery requests, but B&W has served none. *See* Declaration of Nathan Brunette ("Brunette Decl.") ¶ 3. B&W also fails to identify any additional facts it expects to discover that would change its arguments on ATS's PI Motion.

[2] For example, Claim 1 of the '685 Patent requires only that each image be "associated with timing information indicating when the image was captured" that is then used to calculate "a speed of the vehicle based on the real-world positions and accessed timing information."

stamp, "[a]lternatively, **other timing devices** may be used to generate accurate timing information associated with each image frame." '685 Patent, col. 7:23-28 (emphasis added).

The MVST Products infringe the '685 Patent because they use the known camera shutter speed as a timing device to generate accurate timing information, encode that timing information—in the form of frame counts—in video images, and use the frame-count timing information to calculate vehicle speed.[3] In other words, when the number of frames taken by a camera per minute is known, then the frame # includes timing information. B&W has not raised a valid non-infringement argument as to the '685 patent.

### 2. ATS Is Likely to Show That B&W Is Infringing ATS's '863 Patent.

B&W also relies on a conclusory assertion that the MVST Products do not infringe the '863 Patent because they use a *multistep calibration process*. *See* Response at 7-8; Winkler Decl. ¶ 14.[4] But the '863 Patent does <u>not</u> require a *one-step calibration process*. Instead, the '863 Patent requires a calibration process that includes, at least, **a single step that considers**, at the same time, both the "**perspective** of the image in a single frame" and the "**scaling** of the image in the same single frame."[5] (Emphasis added.)

B&W's attempt to rewrite the '862 patent's claim language is legal error, and its corresponding assertion that it engages in a multi-step *calibration process* is not relevant. Nowhere does B&W allege — much less support with evidence — that its MVST Products do not consider image perspective and scaling at the same time for calibration purposes (<u>i.e.</u>, the

---

[3] *See* Declaration of Thomas Winkler, Dkt. No. 33-6 ("Winkler Decl.") ¶ 19 (in the MVST Products timing information "*t*" used for calculating speed "is determined [sic] counting the number of video frames an object is shown traveling and then applying the shutter speed of the video camera to calculate *t*"); Wang Decl. Ex. 3 at 5 (MVST video still images showing embedded frame count timing information, e.g., "Frame: 25/60").

[4] Such a conclusory statement cannot demonstrate noninfringement to avoid a preliminary injunction. *See Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1089 (Fed. Cir. 1998) (affirming preliminary injunction and rejecting outright infringer's "conclusory statement" of noninfringement that failed to identify and describe in detail the "mechanism by which it . . . avoids infringement").

[5] The '863 Patent requires that the calibration process include "transforming a single frame from the set of . . . images into real world coordinates <u>by considering</u>, in a single step, the <u>perspective of the image</u> in a single frame from the set of . . . images and <u>the scaling of the image in the same single frame</u> from the set of . . . images." '863 Patent, Claim 16 (emphases added).

actual claim requirement). To the contrary, B&W acknowledges that its own infringing MVST Products are based on the fundamental principles of B&W's U.S. Patent No. 8,284,996 ("the '996 Patent"). Response at 6. That B&W patent contains an *identical calibration limitation* to ATS's '863 Patent. In fact, B&W's '996 patent specifically describes simultaneously considering perspective and scaling of an image as a feature of the "MVST embodiment" of B&W's invention. '996 Patent, col. 9:29-54 & Claim 1. This is a tacit admission that B&W's MVST Products practice the very method it seeks to deny in its preliminary injunction Response.

### 3. B&W Has Failed to Raise Serious Questions to Overcome the Presumption of Validity as to Either of the Patents-in-Suit.

The '685 Patent must be presumed valid. 35 U.S.C. § 282. B&W has not asserted invalidity, let alone carried its burden to rebut the presumption of validity. *See* PI Motion at 10-11. B&W's only argument for suggesting invalidity as to the '863 Patent is a curious assertion that ATS somehow acted wrongfully by copying claims from a B&W patent application, even though ATS fully disclosed what it was doing to the U.S. Patent and Trademark Office ("USPTO"). Response at 3, 5-7 & n.1. B&W goes so far as to indirectly imply (in the misleading fact section of the Response) that B&W was the first to file an application covering the claimed technology. However, B&W's description omits a key fact: ATS's '685 and '863 Patents are both continuations of the same provisional application and share an effective filing date of January 5, 2007 — i.e., *nearly two years before* the December 17, 2008 priority date of B&W's '996 Patent. Brunette Decl. ¶ 5. Thus, even if ATS's patents-in-suit and B&W's '996 Patent claim the same invention, ATS's patents are entitled to priority.[6] B&W's Response also misstates the date of the examiner interview regarding the '863 Patent and falsely asserts that ATS copied B&W's patent claims *twice*. Response at 2-3, 6-7; Brunette Decl. ¶¶ 6-10 & Exs.

---

[6] Contrary to B&W's assertion, the '863 Patent and B&W's '996 Patent are not identical in scope. The prosecution history reveals that ATS accepted the examiner's offer on January 17, 2012 (before any substantive examination on B&W's application) to make a narrowing amendment moving limitations from the dependent claims into what became independent claim 1 of the '863 Patent. Brunette Decl. ¶¶ 9-10 & Exs. 2, 5.

- 3 -

1-5. In fact, ATS copied B&W's amended claims only *once*, on July 7, 2011, and *fully disclosed to the USPTO examiner that it had done so*. Brunette Decl. ¶¶ 7-9 & Exs. 2-5.

More importantly, beyond *innuendo*, B&W cites no actual legal authority that such disclosed copying invalidates any patent claim, ***because it does not***. Copying of patent claims is ***not*** prohibited—at most, an applicant may need to *disclose* the copying to the USPTO.[7] ATS's copying was fully disclosed and entirely proper. B&W has no credible patent invalidity position.

## B. ATS Is Likely to Suffer Irreparable Harm Absent Interim Relief.

There is no question that ATS's automated speed detection equipment competes directly with B&W's infringing MVST Products — nor that ATS is suffering irreparable harm not only from sales/customers lost directly to the MVST products, but also to ATS's customer relationships, goodwill, and reputation. *See Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 702-03 (Fed. Cir. 2008); PI Motion at 11-14.[8]

B&W attempts to obfuscate ATS's showing of irreparable harm by referring to ATS as a "Non-Practicing Entity" (in other words, a patent troll) because ATS has not yet commercialized a product practicing the patents-in-suit. This characterization is disingenuous. The patented technology has not yet been appropriately certified, and ATS is working towards accomplishing that). Response at 9-13. ATS's RADAR and LiDAR based automated speed detection products compete directly against B&W's infringing MVST Products. *See* Declaration of Adam Tuton, Dkt. No. 2-8 ¶¶ 5, 9-12 & Exs. 1-2 (examples of direct competition with and of ATS customers lost to B&W's MVST Products).[9] Further, B&W's spoiling of the market for ATS's patented technology continues to irreparably harm ATS.

---

[7] *See* 37 C.F.R. § 10.23(c)(7); Manual of Patent Examining Procedure § 2001.6(d) (8th ed., rev. 2012) ("Where claims are copied or substantially copied from a patent . . . applicant shall, at the time he or she presents the claim(s), identify the patent and the numbers of the patent claims.").

[8] B&W's attempts to distinguish *Broadcom* are unavailing. Broadcom, like ATS, suffered irreparable harm despite not selling a product under its patent, because its products using "different technology" competed with the infringing products. 543 F.3d at 702-03.

[9] The cases cited by B&W for the proposition that patent trolls cannot show irreparable harm from patent infringement, *see* Response at 9-13, did not involve a patentee that was engaged in direct competition

(continued . . .)

B&W fails to address two other forms of irreparable harm ATS will suffer absent a preliminary injunction — i.e., the permanent lost sales and market opportunities resulting from B&W's polluting the nascent market for video speed detection technology with its infringing MVST Products. This is particularly true when those products have not been adequately certified such that a lack of police and judicial acceptance will taint the market for ATS. *See* PI Motion at 13-14. Further, ATS is also unlikely to ever recover even money damages for B&W's past and ongoing infringement, given that B&W is in admittedly tenuous financial condition (*see* Response at 13-14) and, therefore, is unlikely to be able to pay any award of damages at the conclusion of this case. *See* PI Motion at 14.

**C.     The Balance of Hardships and Public Interest Favor Preliminary Injunctive Relief.**

The irreparable harm discussed above that ATS is suffering far outweighs any legally cognizable harm B&W may suffer from a preliminary injunction. *See* PI Motion at 11-15. B&W's potential loss of business should not be considered in balancing the hardships, because B&W has no right to continue infringing ATS's patents. "One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Windsurfing, Int'l v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986); *see also* PI Motion at 15 (citing additional authority).

Finally, because ATS is likely to prevail on the merits and to suffer irreparable harm absent an injunction, the public interest in favor of patent enforcement and fair competition also supports ATS's motion for preliminary injunction. *See* PI Motion at 16.

## II. CONCLUSION

For the foregoing reasons, ATS respectfully requests that the Court enter a preliminary injunction against B&W's ongoing acts of patent infringement.

---

(. . . continued)
against the very infringing products at issue.

73041898.3 0009610-00029

DATED:  December 21, 2012.

Respectfully submitted,

STOEL RIVES LLP

/s/ Brian C. Park
_____
Brian C. Park (*Pro Hac Vice)*
Washington Bar No. 25584
Nathan C. Brunette (*Pro Hac Vice*)
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone:  (206) 386-7542
Facsimile:  (206) 386-7500
BCPark@stoel.com
NCBrunette@stoel.com

Andy Taylor
Texas Bar No. 19727600
Andy Taylor & Associates, PC
2668 Highway 36S, #288
Brenham, TX  77833
Telephone:  (713) 222-1817
Facsimile:  (713) 222-1855
ATaylor@AndyTaylorLaw.com

George J. Hittner
Texas Bar No. 24038959
American Traffic Solutions, Inc.
1330 West Southern Avenue
Tempe, AZ  85282
Telephone:  (480) 596-4704
Facsimile:  (480) 967-7131
George.Hittner@atsol.com

Attorneys for Plaintiff
AMERICAN TRAFFIC SOLUTIONS, INC

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** on the following named persons on the date indicated below by

☐ Certified Mail, Return Receipt Requested

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☐ email

☒ notice of electronic filing using the CM/ECF system

to said persons a true copy thereof, contained in a sealed envelope if by mail, addressed to said persons at their last-known addresses indicated below.

Charles Craig Tadlock
Tadlock Law Firm
2701 Dallas Parkway
Suite 360
Plano, TX  75093
(214) 785-6014
craig@tadlocklawfirm.com

Douglas E. Warren (*pro hac vice*)
Attorney at Law
PO Box 6727
Chesterfield, MO  63006
(636) 519-5257
dewarren@charter.net

DATED:  December 21, 2012.

/s/ Brian C. Park
Brian C. Park
*Pro Hac Vice*
Attorneys for Plaintiff
American Traffic Solutions, Inc.

Page 1   -   CERTIFICATE OF SERVICE

73041898.3 0009610-00029