**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| AMERICAN TRAFFIC SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:12-cv-00504-RC |
| ) | |
| v. ) | Patent Case |
| ) | |
| B&W SENSORS LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

**DEFENDANT B&W'S SUR-REPLY BRIEF IN SUPPORT OF B&W's OPPOSITION TO PLAINTIFF ATS' MOTION FOR PRELIMINARY INJUNCTION**

**Table of Contents**

I.   **APPLICATION OF APPLICABLE LAW TO THE FACTS OF THE PRESENT ACTION SHOWS THAT ISSUANCE OF A PRELIMINARY INJUNCTION AGAINST B&W IS NOT APPROPRIATE** ........................................ 1

    A.   **There Is No Likelihood Of Success On ATS' Patent Infringement Claims** ..... 1

        *1.   There Are Substantial Questions Regarding the Validity and Enforceability of the ATS '863 Patent.* ................................ 1

        *2.   The Accused B&W Product Does Not Infringe Any of the Claims of the ATS '863 or '685 Patents* .......................................... 3

    B.   **ATS Will Not Suffer Irreparable Harm Absent The Preliminary Injunction** ........................................................................................................ 5

    C.   **The Balance Of Hardships Shows B&W Will Suffer Much Greater Harm Than ATS If The Preliminary Injunction Is Issued** ............................... 5

II.  **CONCLUSION** ........................................................................................................ 5

**Certificate Of Service** .......................................................................................................... 6

## **Table Of Authorities**

*Cases* *Page*

*Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002) ........................ 4

*Windsurfing, Int'l v. AMF, Inc.*, 782 F.2d 995 (Fed. Cir. 1986) ............................................... 5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| AMERICAN TRAFFIC SOLUTIONS, INC. ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:12-cv-00504-RC |
| ) | |
| B&W SENSORS LLC, ) | Jury Trial Demanded |
| ) | |
|     Defendant. ) | |

**DEFENDANT B&W'S SUR-REPLY BRIEF IN SUPPORT OF B&W's OPPOSITION TO PLAINTIFF ATS' MOTION FOR PRELIMINARY INJUNCTION**

Subject to and without waiving its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 13) and the other qualifications set forth in B&W's Opposition, Defendant B & W Sensors LLC ("B&W") submits this sur-reply brief in further support of B&W's Opposition to ATS' Motion for Preliminary Injunction, and in support thereof respectfully shows the Court as follows:

**I.   APPLICATION OF APPLICABLE LAW TO THE FACTS OF THE PRESENT ACTION SHOWS THAT ISSUANCE OF A PRELIMINARY INJUNCTION AGAINST B&W IS NOT APPROPRIATE .**

    **A.   There Is No Likelihood Of Success On ATS' Patent Infringement Claims.**

        *1.   There Are Substantial Questions Regarding the Validity and Enforceability of the ATS '863 Patent.*

ATS readily admits that the Applicant for ATS's '863 Patent copied the claims and amendments from the B&W '996 Patent application. Logic demands that ATS could not have "copied" claims unless those claims already existed. Nevertheless, ATS points to various application filing dates to suggest that those dates determine who wrote the "copied" claims first. While it may be true that priority filing dates can be used for other invalidity proceedings, the question here is what occurred *during the prosecution* of the ATS '863 Patent.

1

One point is certainly very obvious, it is wrong to have two patents with the same claim scope issued to two different patent owners.  This error was caused directly by the '863 Patent Applicant's copying of the claims from B&W's '996 Patent application.  ATS has refused to explain why the claims were copied, but if the claims were copied to have an interference declared between the '863 application and the '996 application, then the '863 Applicant failed to follow through with that strategy.  Under 37 C.F.R. 41.202(a), the '863 Applicant had every opportunity to suggest to the Patent Examiner that an interference existed – first when the '863 Applicant copied the claims from the '996 application, and then later when the '863 Applicant copied the amendments made in the '996 application.  Yet, the '863 File Wrapper shows the '863 Applicant made no such suggestion.  *Warren Declaration (attached in support of B&W's Opposition), and the exhibits thereto.*  The result is the current untenable situation where two patents have been issued with the same claim scope to two different owners.

The culprit here is the '863 Applicant, who chose to copy the claims from another applicant's application and then failed to pursue interference proceedings at the Patent Office.  This is nothing less than a form of bad faith conduct before the Patent Office.  The evidence shows these are the facts, and those facts raise substantial and reasonable questions about the validity and enforceability of the ATS '863 Patent.

> **2.    *The Accused B&W Product Does Not Infringe Any of the Claims of the ATS '863 or '685 Patents.***

Claim 1 of the '863 Patent specifically requires the accused device to be able to execute,

> "on-site speed calibration that includes a <u>single</u> calibration process that includes <u>a single process</u> for transforming a <u>single frame</u> from the set of images into real world coordinates by considering, <u>in a single step</u>, the perspective of the image in <u>a single frame</u> from the set of images and the scaling of the image in the same <u>single frame</u> from the set of images;"

*The '863 Patent at Claim 1 (emphasis added).*  Asserted Claims 16 and 21 of the '863 Patent also expressly require an accused device to perform the same "single step" calibration.  B&W has already shown that accused MVST device <u>uses more than a single step</u> to complete the on-site

2

calibration process needed to relate the set of video images to real world coordinates. *Winkler Declaration, ¶ 14.* Therefore, the MVST does not include at least one limitation from each of the asserted claims from the '863 Patent and thus does <u>not</u> infringe the '863 Patent.

It is also noted that ATS tries to score big points by first admitting that the '863 Patent claims are the exactly same as B&W '996 Patent claims, and then incorrectly interpreting the language in the B&W Opposition to contend B&W stated the MVST is covered under the claims of B&W's '996 Patent.[1] *ATS Reply, p. 3.* ATS misreads B&W's Opposition. The B&W Opposition stated, "The B & W product accused by ATS is manufactured and operated based on the <u>many</u> of the fundamental aspects B & W patent." *B&W Opposition, p. 6.* The key word is "many." The word "many" does not mean "all." Thus, ATS misstates B&W's Opposition, and despite the overzealous underlining of almost a full paragraph by ATS to prove its point, ATS is mistaken.

Referring now to the ATS '685 Patent, Claims 1, 25, 52, 54, 81, 85, and 110 of the '685 Patent expressly require an accused device to generate sets of video images and then attach "timing information" to each frame of the video. Exemplary language from the '685 claims states,

> ". . . wherein each of the images is associated with <u>timing information</u> indicating when the image was captured . . . access the <u>timing information</u> associated with said at least two of the images; calculate a speed of the vehicle based on the real-world positions and accessed <u>timing information</u>, wherein the real-world positions and accessed <u>timing information</u> are sufficiently accurate for the calculated speed to be used . . ." *ATS's '685 Patent, Claim 1*.

In B&W's Opposition, it was noted that the term "timing information" is plainly defined in the following passage from the '685 Patent:

> "To achieve high accuracy in speed measurement and legal credibility in court, in one embodiment it is recommended that the camera has the capability of <u>generating highly accurate time stamps and inserting them into the images</u>. Alternatively, other timing devices may be used to generate accurate <u>timing information</u> associated with each image frame." ('685 Patent, col. 7, lines 23-31) (emphasis added).

*B&W Opposition, p. 8.* In its Reply, ATS refers to that same passage above and states,

---

[1] ATS makes this argument despite the fact that ATS argues in its same Reply, on the same page, that the scope of the ATS '863 Patent and the scope of the claims of the B&W '996 Patent are NOT the same. *ATS Reply, p.3, fn 6.*

3

> "The '685 Patent, however, does not require such time and date stamping, but only **recording** some form of timing information for each video frame so that the timing information can be used . . . Indeed, the specification of the '685 Patent expressly notes that, while one method of **encoding** timing information is to use a time and date stamp, "[a]lternatively, other timing devices may be used to generate accurate timing information associated with each image frame." '685 Patent, col. 7:23-28 (emphasis added)."

*ATS Reply, pp. 1 - 2.* Thus, ATS admits that its claim requires the timing information be "recorded" or "encoded" for each video frame. The B&W MVST device does NOT encode or record any such "timing information" as required by the '685 Patent on any of its video frames, but instead simply counts frames from the video.

As an alternative argument, ATS argues that counting frames is a device equivalent to the "timing information" called for by the claims of the '685 Patent. But, the ultimate question here is "likelihood of success" on patent infringement, and there is another vital issue that ATS fails to identify.

This Court has an extensive history of presiding over patent litigations. Therefore, the Court well knows that simply offering terms in a claim construction chart is not a complete claim construction analysis because it fails to address the key issue of Prosecution History Estoppel and its extremely limiting effect on claim scope for infringement under the Doctrine of Equivalents. Here, ATS suggests that the claim term "timing information" should include time stamping, and its equivalent. However, referral to the U.S. Patent Office file wrapper reveals that the claims of the '685 Patent were amended in response to an Office Action to add the narrowing limitation "timing information" – the very same limitation now at issue. *Warren Declaration (attached hereto), Ex. A.* As the Court well knows, adding narrowing limitations to claims during prosecution of a patent completely excludes any scope of infringement of that element under the Doctrine of Equivalents. *Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002). Thus, when considering the likelihood of success for ATS' claim of infringement of the '685 Patent, ATS is

4

prohibited from arguing that stamping a frame with "timing information" is equivalent to "counting video frames." Therefore, the B&W MVST device does not infringe any claims of the '685 Patent.

### B. ATS Will **Not** Suffer Irreparable Harm Absent The Preliminary Injunction.

ATS does not deny that it is *not* making or using any ATS product that would be protected under the claims of ATS '863 or '685 Patents. ATS also does not provide any evidence that ATS has licensed any other entity to do so. Therefore, regardless of what ATS implies or suggests, those undisputed facts make ATS a "non-practicing" entity with regard to the '863 and '685 Patents, and ATS cannot make the requisite showing of irreparable harm.

In an effort to show otherwise, ATS offers its "AutoPatrol™ Radar-based system," but that product has absolutely no relationship to the video machine vision technology of either the ATS '685 or the '863 Patents. Therefore, with regard to the '863 and '685 Patents, ATS is indeed a "non-practicing entity," and is incapable of showing irreparable harm.

### C. The Balance Of Hardships Shows B&W Will Suffer Much Greater Harm Than ATS If The Preliminary Injunction Is Issued.

ATS argues "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *ATS Reply, p. 5, citing Windsurfing, Int'l v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). The operative phrase in that quote is "found to infringe." B&W has not yet been "found to infringe" and, as noted herein, there is no likelihood that ATS can prove that B&W has infringed any claim of the ATS patents. Thus, *Windsurfing* is not applicable to this case at this time.

## II. CONCLUSION.

For the reasons set forth in its Opposition and this Sur-Reply, Defendant B&W Sensors LLC respectfully requests that this Court deny Plaintiff ATS's Motion for Preliminary Injunction, and grant B&W such other and further relief to which it is entitled.

| | |
|---|---|
| Dated:  December 31, 2012 | Respectfully submitted, |

                                                  */s/ Craig Tadlock*
                                                  Craig Tadlock
                                                  State Bar No. 00791766
                                                  TADLOCK LAW FIRM PLLC
                                                  2701 Dallas Parkway, Suite 360
                                                  Plano, Texas 75093
                                                  Phone: 903-730-6789
                                                  Email: craig@tadlocklawfirm.com

                                                  Douglas E. Warren, Esq.
                                                  (admitted pro hac vice)
                                                  Missouri Bar No. 49,333
                                                  Post Office Box 6727
                                                  Chesterfield, Missouri 63006
                                                  Phone: 636-519-5257
                                                  Fax: 636-536-0517
                                                  Email: dewarren@charter.net

                                                  *Attorneys for Defendant*
                                                  *B & W Sensors LLC*

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on the 31st day of December 2012, the foregoing was served upon all counsel of record for Plaintiff ATS, via the operation of the Court's electronic filing system, in accordance with Local Rule CV-5(d).

                                                  */s/ Craig Tadlock*
                                                  Craig Tadlock